JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant, T.D., appeals from the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, committing her minor children to the permanent custody of appellee, Cuyahoga County Department of Children and Family Services ("CCDCFS" or "agency"). For the reasons that follow, we affirm.
 {¶ 2} On December 16, 1999, CCDCFS filed a complaint alleging neglect and requesting a disposition of temporary custody for three of appellant's minor children. The children were subsequently adjudged to be neglected and placed in the temporary custody of CCDCFS.
 {¶ 3} In April 2001, CCDCFS filed a motion to modify temporary custody to permanent custody regarding the children. After several pretrial hearings, the matter was set for trial regarding disposition.
 {¶ 4} At trial, appellant's counsel informed the court that appellant wished to agree to the permanent custody request by CCDCFS. The trial court then questioned appellant extensively, both individually and through her attorney, regarding her understanding of the rights she was waiving and the consequences of her agreement. The trial court ultimately accepted appellant's consent to the agency's motion for permanent custody and ordered her three minor children placed in the permanent custody of CCDCFS. Appellant timely appealed, raising one assignment of error for our review.
 {¶ 5} Appellant concedes that "the trial court [did] an excellent job of reviewing the appellant's rights that she [was] waiving and the meaning and significance thereof" before accepting her consent to the agency's motion for permanent custody. She asserts, however, that the trial court did not comply with the requirements of Juv.R. 29(D) in accepting her consent because it failed to mention or discuss "the nature of the allegations" set forth in the motion with her. Appellant contends that this failure constitutes reversible error. We disagree.
 {¶ 6} Juv.R. 29 applies to adjudicatory hearings and sets forth the procedures to be followed by a trial court upon the filing of a complaint and its resolution by admission. These procedures include those set forth in Juv.R. 29(D), which provides that the trial court shall not accept an admission without addressing the party and determining that 1) the party is making the admission voluntarily with understanding of the nature of the allegations and consequences of the admission; and 2) the party understands the rights he or she is waiving by making the admission.
 {¶ 7} The adjudicatory hearing in this case was held in March 2000, when the trial court determined that appellant's children were neglected and placed them in the temporary custody of CCDCFS. The subsequent motion filed by CCDCFS was a motion to modify temporary custody to permanent custody, filed pursuant to R.C. 2151.413 and 2151.414. Such proceedings are governed by Juv.R. 34, which specifically provides that:
 {¶ 8} "Hearings to determine whether temporary orders regarding custody should be modified to orders for permanent custody shall be considered dispositional hearings and need not be bifurcated." Juv.R. 34(I).
 {¶ 9} Because the hearing regarding the motion to modify temporary custody to permanent custody was a dispositional hearing, rather than an adjudicatory hearing, Juv.R. 29 did not apply. Accordingly, the trial court was not required to follow the provisions of Juv.R. 29 when addressing appellant and determining whether she understood the consequences of her consent to the motion for permanent custody and the rights she was waiving.
 {¶ 10} Appellant's assignment of error is therefore overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J. and JAMES J. SWEENEY, J., concur.